IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

ANTHONY LENAIRE CURRY,

          Petitioner,

    v.

COUNTY OF WASHINGTON and CITY OF HILLSBORO,

          Respondents.

Case No. 2:22-cv-00196-MO

ORDER TO DISMISS

MOSMAN, District Judge.

    Petitioner, a pretrial detainee housed at the Two Rivers Correctional Facility, brings this habeas corpus case pursuant to 28 U.S.C. § 2241 asking this Court to enjoin his upcoming criminal. For the reasons that follow, the Petition for Writ of Habeas Corpus (#2) is summarily dismissed.

## BACKGROUND

    On an unidentified date, a Washington County jury convicted Petitioner of using a child in a display of sexually explicit conduct. On July 3, 2019, the Oregon Court of Appeals reversed his conviction(s) and remanded the case for a new trial when

1 - ORDER TO DISMISS

Petitioner prevailed upon a *Batson* claim. *State v. Curry,* 298 Or. App. 377, 447 P.3d 7 (2019). Petitioner asserts that he is due to appear for his retrial in the Washington County Circuit Court on March 1, 2022 and asks the Court to enjoin those proceedings on the ground that they violate his double jeopardy rights.

## **STANDARDS**

This Court may summarily dismiss a habeas corpus petition "[i]f it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief." Rule 4, Rules Governing Section 2254 Cases. "Rule 4 of the Rules Governing Section 2254 Cases 'explicitly allows a district court to dismiss summarily the petition on the merits when no claim for relief is stated.'" *O'Bremski v. Maass*, 915 F.2d 418, 420 (9th Cir. 1990) (quoting *Gutierrez v. Griggs*, 695 F.2d 1195, 1198 (9th Cir. 1983)); *see also* 28 U.S.C. § 2243 (the court shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto."). Pursuant to Rule 1(b) of the Rules Governing Section 2254 Cases, this Court elects to apply Rule 4 to this 28 U.S.C. 2241 action.

2 - ORDER TO DISMISS

## **DISCUSSION**

A petitioner seeking habeas relief must exhaust his claims by fairly presenting his federal issues to the state's highest court, either through a direct appeal or collateral proceedings before a federal court will consider the merits of habeas corpus claims. *Rose v. Lundy*, 455 U.S. 509, 519 (1982). The exhaustion doctrine is designed "to avoid the unnecessary friction between the federal and state court systems that would result if a lower federal court upset a state court conviction without first giving the state court system an opportunity to correct its own constitutional errors." *Preiser v. Rodriguez*, 411 U.S. 475, 490 (1973). "Where a petitioner seeks pre-conviction habeas relief, this exhaustion prerequisite serves two purposes: (1) to avoid isolating state courts from federal constitutional issues by assuring those courts an ample opportunity to consider constitutional claims; and (2) to prevent federal interference with state adjudication, especially state criminal trials." *Carden v. Montana*, 626 F.2d 82, 83 (9th Cir. 1980).

In this case, Petitioner filed a motion to quash his most recent indictment, which the Washington County Circuit Court denied. He then proceeded to file a mandamus application directly with the Oregon Supreme Court without first having

3 - ORDER TO DISMISS

presented the issue through the proper appellate channels. *See Wise v. Hays,* 74 Or. App. 245, 701 P.2d 1054 (mandamus cannot be used as a substitute for direct appeal). Where Petitioner failed to present his claim to the Oregon Supreme Court in a context in which it actually considered the merits of the claim, Petitioner has not fairly presented his claim. *See Edwards v. Carpenter*, 529 U.S. 446, 453 (2000); *Castille v. Peoples*, 489 U.S. 346, 351 (1989). Even if exhaustion were not an issue, federal courts will not interfere with ongoing criminal proceedings in state court absent extraordinary circumstances that are not present here. *Younger v. Harris*, 401 U.S. 37, 53 (1971); *see also World Famous Drinking Emporium v. City of Tempe*, 820 F.2d 1079, 1082 (9th Cir. 1987). Accordingly, the Petition for Writ of Habeas Corpus is dismissed.

## CONCLUSION

The Petition for Writ of Habeas Corpus (#1) is summarily dismissed.

IT IS SO ORDERED.

2/22/2022
DATE

*Michael W. Mosman*
Michael W. Mosman
United States District Judge

4 - ORDER TO DISMISS